UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHEED HILSON, SR., | No. 1:23-cv-01757 GSA (PC) |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY IT SHOULD NOT BE RECOMMENDED THAT THIS MATTER BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO KEEP COURT APPRISED OF CURRENT ADDRESS |
| v. | |
| JEFF LYNCH, et al., | |
| Defendants. | |
| | PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE, HIS NOTICE OF CURRENT ADDRESS AND A REQUEST FOR AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT, DUE IN SEVEN DAYS |

Plaintiff, a former state prisoner[1] proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to prosecute and failure to keep the Court apprised of his current address. As an alternative to filing the showing of cause, Plaintiff may file a notice of

---

[1] On September 11, 2024, a notice of change of address filed by Plaintiff was docketed. ECF No. 7. The notice of change of address appears to indicate that Plaintiff is no longer incarcerated at Kern Valley State Prison. See id.

1

1  change of address <u>and</u> a request for an extension of time to file an amended complaint.  Plaintiff
2  will have seven days to take either course of action.

3        I.     RELEVANT PROCEDURAL HISTORY
4          A.  Grant of In Forma Pauperis Status

5  On December 22, 2023, Plaintiff's complaint and his application to proceed in forma
6  pauperis were docketed.  ECF Nos. 1, 2.  On December 28, 2023, after Plaintiff's six-month
7  prison trust fund account statement was also filed (<u>see</u> ECF No. 5) (prison trust fund account
8  statement), Plaintiff's application to proceed in forma pauperis was granted.

9          B.  Plaintiff's Notice of Change of Address

10  On September 11, 2024, a notice of change of address filed by Plaintiff was docketed.
11  ECF No. 7.  The notice indicated that Plaintiff was no longer incarcerated in state prison.  <u>Id.</u>
12  Consistent with the notice filed by Plaintiff, the Clerk of Court updated Plaintiff's mailing address
13  on the Court's docket.  <u>See</u> case caption of docket.

14          C.  Screening of Complaint; Service of Screening Order

15  On September 30, 2024, the undersigned screened Plaintiff's complaint.  ECF No. 8.  In
16  so doing, it was found that because it consisted of thirty-nine handwritten pages, it failed to
17  comply with Federal Rules of Civil Procedure 8(a)(2) and (d)(1).  <u>Id.</u> at 2.  Specifically, it did not
18  contain a "short and plain statement" of the claims, nor did it consist of "simple, concise, and
19  direct" allegations.  <u>See</u> Fed. R. Civ. P. 8(a)(2), (d)(1).  As a result, Plaintiff was ordered to file an
20  amended complaint. ECF No. 8 at 3-4.  He was given thirty days to do so.  <u>Id.</u> at 4.  The order
21  was served on Plaintiff at his new mailing address.  <u>See</u> 9/30/24 "service by mail" entry on
22  docket.

23          D.  Screening Order Returned to Court

24  On October 17, 2024, the Court's screening order was returned to it marked,
25  "Undeliverable, Return to Sender, Not Deliverable as Addressed, Unable to Forward."  <u>See</u>
26  10/17/24 docket entry.  Since the return of the order, Plaintiff has neither filed a new notice of
27  change of address, nor has he requested an extension of time to file an amended complaint.
28

2

II     DISCUSSION

A.     Plaintiff's Returned Screening Order Was Properly Served

Although the Court's screening order was returned to the Court, Plaintiff was properly served with it. It is Plaintiff's responsibility to keep the Court apprised of his current address at all times. Local Rule 183(b). Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. Accordingly, at this stage of the proceedings, the Court is within its bounds to dismiss this case on the grounds that by failing to timely file an amended complaint, Plaintiff has failed to prosecute this matter.

B.     Plaintiff's Time to File Notice of Change of Address Has Expired

Furthermore, from the date that the screening order deemed to have been served on Plaintiff was returned to the Court marked "undeliverable," Plaintiff had sixty-three days to file a notice of change of address with the Court. See Local Rule 183(b).[2] More than sixty-three days have passed, and Plaintiff has not filed a notice of change of address with the Court. Since Plaintiff's notice of change of address docketed in early September 2024, Plaintiff has not interacted with the Court in in any way. These facts also support the immediate dismissal of this case.

C.     Dismissal Warranted; Showing of Cause or Alternatives to Same Offered

Although Plaintiff's failure to file a notice of current address with the Court and his failure to prosecute this case, each independently warrant a recommendation that this matter be dismissed immediately, prior to doing so, Plaintiff will first be given the opportunity to file a showing of cause stating why this case should not be dismissed for these reasons. As an alternative to filing the showing of cause, Plaintiff will also be given the option of filing a notice of current address with the Court and simultaneously filing a request for an extension of time to file an amended complaint. Plaintiff will be given seven days to take either course of action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is ordered to SHOW CAUSE why it should not be recommended that this

---

[2]  As of January 1, 2025, this period has been shortened from sixty-three days to thirty days.

3

matter be DISMISSED for failure to prosecute and for failure to provide notice of his current address with the Court; or

    2. As an ALTERNATIVE to filing the showing of cause, Plaintiff may file a notice of current address with the Court <u>and</u> a request for an extension of time to file an amended complaint, and

    3. Plaintiff shall have seven days to take either course of action.

IT IS SO ORDERED.

    Dated: __**March 11, 2025**__             _____**/s/ Gary S. Austin**_____
                                                               UNITED STATES MAGISTRATE JUDGE