1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RASHEED HILSON, SR.,                        No.  1:23-cv-01757 GSA (PC)

12                  Plaintiff,                    ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
13            v.
                                                 ORDER RECOMMENDING DISMISSAL OF
14   JEFF LYNCH, et al.,                          CASE FOR FAILURE TO PROSECUTE AND
                                                 FAILURE TO KEEP COURT APPRISED OF
15                  Defendants.                   CURRENT ADDRESS

16                                               PLAINTIFF'S OBJECTIONS DUE IN
                                                 FOURTEEN DAYS
17

18
            Plaintiff, a former state prisoner[1] proceeding pro se and in forma pauperis, has filed this
19
     civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United
20
     States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.
21
            For the reasons stated below, the undersigned will recommend that this matter be
22
     dismissed for Plaintiff's failure to prosecute and for his failure to keep the Court apprised of his
23
     current address.  Plaintiff will have fourteen days to file objections to this order.
24
            I.      RELEVANT FACTS
25
            On December 22, 2023, Plaintiff's complaint was docketed while he was incarcerated at
26

27   _____
     [1]  On September 11, 2024, a notice of change of address filed by Plaintiff was docketed.  ECF No.
28   7.  The notice of change of address appears to indicate that Plaintiff is no longer incarcerated at
     Kern Valley State Prison.  See id.

                                                  1

Kern Valley State Prison.  See ECF No. 1 at 1.  Thereafter, Plaintiff was granted in forma pauperis status.  ECF No. 6.  On September 11, 2024, a notice of change of address filed by Plaintiff was docketed.  ECF No. 7.

A.  Order Directing Plaintiff to File Amended Complaint

On September 30, 2024, Plaintiff's complaint was screened.  See ECF No. 8.  The screening order found that Plaintiff's complaint failed to comply with Federal Rule of Civil Procedure 8(a)(2) and (d)(1).  ECF No. 8 at 4.  As a result, Plaintiff was given the opportunity to file an amended complaint.  See id.  Plaintiff was given thirty days to do so.  Id.  At that time, Plaintiff was cautioned that failure to comply with the Court's order within the time allotted might result in a recommendation that this matter be dismissed.  Id.

B.  Order Directing Plaintiff to Show Cause; Alternatives to Order

On October 17, 2024, the Court's screening order was returned to it marked "Undeliverable, Return to Sender, Not Deliverable as Addressed, Unable to Forward."  See 10/17/24 docket entry.  Several months passed and Plaintiff neither filed a notice of change of address, nor requested an extension of time to do so.  As a result, on March 11, 2025, the Court issued an order to show cause why it should not be recommended that this matter be dismissed for failure to prosecute and for failure to keep the Court apprised of his current address.  ECF No. 9. However, as an alternative to filing the showing of cause, Plaintiff was given the option of filing a notice of current address along with a request for an extension of time to file an amended complaint.  Id. at 4.  Plaintiff was given seven days to take either course of action.  Id.

On March 24, 2025, the Court's order directing Plaintiff to show cause was returned to the Court marked "Undeliverable, Return to Sender, Not Deliverable as Addressed, Unable to Forward."  See 3/24/25 docket entry.  Thus, the last time Plaintiff interacted with the Court was in September of 2024, when his notice of change of address was docketed.  See ECF No. 7.

II.    APPLICABLE LAW

A.  Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b)

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or he fails to comply with a court order.  See Fed. R. Civ. P. 41(b).  Local Rule 110

1    also permits the imposition of sanctions when a party fails to comply with a court order.  L.R.

2    110.

3           Local Rule 182(f) permits service to be effective service at a prior address if a party fails

4    to notify the Court and other parties of his address change.  Id.  Finally, Local Rule 183(b) gives a

5    party who appears in propria persona a period of time to file a notice of change of address if some

6    of his mail is returned to the Court.  Id.

7           B.  Malone Factors

8           The Ninth Circuit has clearly identified the factors to consider when dismissing a case for

9    failure to comply with a court order.  It writes:

10

11           A district court must weigh five factors in determining whether to dismiss a case
             for failure to comply with a court order:  "(1) the public's interest in expeditious

12           resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
             prejudice to the defendants; (4) the public policy favoring disposition of cases on

13           their merits; and (5) the availability of less drastic sanctions."

14

15    Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v.

16    Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

17           III.    DISCUSSION

18                  A.  Rule 41(b) and Local Rules 110, 182(f) and 183(b) Support Dismissal of This

19                      Case

20           Although the docket indicates that Plaintiff's copies of the orders directing him to file an

21    amended complaint and a notice of current address with the Court were returned, Plaintiff was

22    properly served.  It is a plaintiff's responsibility to keep a court apprised of his current address at

23    all times.  Pursuant to Local Rule 182(f), service of documents at the record address of the party

24    is fully effective.  The fact that Plaintiff failed to file a notice of change of address with the Court

25    by itself warrants the dismissal of this matter, in accord with Rule 41(b) and Local Rules 110 and

26    183(b).

27                  B.  Application of Malone Factors Supports the Dismissal of This Case

28                        1.  Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

3

Plaintiff has been given sufficient time to file a notice of change of address as well as file an amended complaint. Yet, he has failed to do either, nor has he contacted the Court to provide an exceptional reason for not having done so.

The Eastern District Court has an unusually large caseload.[2] "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted). Thus, it follows that keeping this case on the Court's docket when Plaintiff has not attempted to file a notice of current address with the Court or file an amended complaint is not a good use of the Court's already taxed resources. Indeed, keeping this matter on the Court's docket would stall a quicker disposition of this case. Additionally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter.

### 2. Risk of Prejudice to Defendants

Furthermore, because viable Defendants have yet to be identified and served in this case, no one has put time and effort into defending against it. As a result, there will be no prejudice to anyone other than Plaintiff if the matter is dismissed. On the contrary, dismissal will benefit any potentially viable Defendants because they will not have to defend themselves against Plaintiff's complaint.

### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that Plaintiff has had sufficient time under the Local Rules to file a change of address[3] since its order directing Plaintiff to file a notice of current address with the Court

---

[2] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

[3] In 2025, the period that a litigant appearing in propria persona has to file a notice of change of address was reduced from sixty-three days to thirty days. See Local Rule 183(b)

issued, without the filing of a notice of new address by Plaintiff, there is no less drastic option than dismissal.  Although the disposition of cases on their merits is preferred, this matter cannot be prosecuted without a current address for Plaintiff and without participation by Plaintiff, nor can it be disposed of on its merits.

IV.   CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b), and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to prosecute.  Despite the fact that Plaintiff cannot be located and that no viable Defendants have been identified and served, a period of fourteen days will be given for Plaintiff to file objections to this order.  However, should this order be returned to the Court marked undeliverable before the end of the fourteen-day period, the District Judge that will be assigned to this action will likely dismiss it immediately.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice for Plaintiff's failure to prosecute and for his failure to keep the Court apprised of his current address.  See Fed. R. Civ. P. 41(b); Local Rules 110 and 183(b).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff wishes to refer to any exhibit, when possible, he must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  Plaintiff's failure to file

5

objections within the specified time may result in the waiver of certain rights on appeal.  See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **April 3, 2025**                                **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE